IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NANCY LEWIS,

    Plaintiff,

v.                                            No. CV 10–638 RHS/WDS

CAPITAL ONE and
GEICO INSURANCE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant GEICO General Insurance Company's *Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted or, in the alternative, for a More Definite Statement*, filed July 22, 2010 [Doc. 7], which is brought pursuant to FED. R. CIV. P. 12b(6), 12(e), 9(b), and 10(b); and on Defendant Capital One Auto Finance's ("COAF")[1] *Motion to Dismiss*, filed July 27, 2010 [Doc. 10], which is brought pursuant to FED. R. CIV. P. 8(a), 9(b), 10(b), and 12(b)(6). Having considered the parties' submissions, the record, and the relevant law, the Court will grant the motions in part and deny them in part and will allow pro se Plaintiff Nancy Lewis an opportunity to amend her Complaint.

**I.    The Complaint[2].**

Lewis filed a Complaint for Damages for Fraud and Negligence against the Defendants on

---

[1] COAF states that Lewis wrongly named it in the style of her Complaint and corrects that error.

[2] The Court has disregarded the last 6 ½ rambling pages of Lewis's Complaint that are irrelevant to her claims of fraud and negligence occurring in 2007.

July 7, 2010[3]. According to the allegations in the Complaint, which the Court accepts as true for purposes of resolving the motions to dismiss, COAF financed Lewis's 2005 Chrysler, held a lien on it, and physically possessed the car's title. *See* Complaint at 1. The title was originally registered in South Carolina. *See id.* GEICO insured the car. *See id.* Lewis relocated to New Mexico in May 2007, and notified GEICO of her move on May 11, 2007. *See id.* GEICO informed Lewis that her insurance costs would double, but did not immediately send Lewis a new policy and premium statement. When Lewis called GEICO again to inquire about the policy and payment, GEICO told her the policy was in the mail and to pay the old amount until she received the new policy and premium statement. *See id.* Accordingly, on May 22, 2007, Lewis sent to GEICO a check for $71.40 and continued to wait for the new policy and statement. *See id.* at 1-2.

On June 28, 2007, Lewis began the process of registering her car in New Mexico. The Department of Motor Vehicles requested COAF to send it the original title so that the car could be registered, and issued to Lewis a 30-day temporary registration pending receipt of the title. *See id.* at 2; *id.* Att. 1. Lewis's car was stolen on June 29, 2007, and Lewis immediately reported the loss to GEICO, which told her that her policy had been cancelled and that she was no longer covered by insurance. *See* Complaint at 2. Lewis alleges that, at that time, she had never received either the new policy she was expecting or a notice of cancellation. *See id.* Lewis complained to the New Mexico Department of Insurance. *See id.* at 4.

Lewis informed COAF that she stopped making her car payment to COAF because COAF

---

[3] Lewis had filed a Complaint against both parties on November 6, 2009, but she sought to proceed *in forma pauperis* instead of paying the filing fees. This Court denied her motion to proceed IFP and dismissed the case without prejudice as required by 28 U.S.C. § 1915(e)(2). *See Lewis v. Capital One*, No. 09cv1062 KBM/LAM, Doc. 7 (D.N.M. Dec. 28, 2009), *aff'd*, *Lewis v. Center Market*, No. 09cv2275, 2010 WL 1948881, *2-*3 (10th Cir. May 17, 2010) (unpublished).

had not provided the car's title to the DMV so that it could be registered. At some point during this time, the police recovered Lewis's Chrysler, which had about $5000 in damage to it. *See id.* at 2. Lewis asked COAF to assist her in dealing with GEICO's refusal to cover the damages and COAF responded that it would refer the matter to its legal department. *See id.* At a later point in time (which, according to Lewis's chronology of events, must have been after June 29, 2007), Lewis received two GEICO policies with different effective dates. *See id.* COAF never provided the Chrysler's title to the DMV so that Lewis could register and legally drive it. *See id.*

In August 2007, a COAF employee informed Lewis that COAF had lost the title to her Chrysler. *See id.* at 3. Lewis continued to refuse to make payments on the car because she could not register it and made "repeated calls" to COAF regarding the title. *Id.* Lewis told COAF that it should apply to South Carolina for a lost title because South Carolina would not allow her to do that. *See id.* at 4.

Lewis alleges that she discovered in September 2007 that, on June 25, 2007, GEICO had informed COAF that Lewis's insurance on the Chrysler "had cancelled" and that COAF's benefits through the "loss payable clause" would terminate on July 7, 2007. *Id.* at 3; *see id.*, Att. 2. In the letter to the New Mexico Insurance Department that Lewis attaches to her Complaint, GEICO contended that it had mailed Lewis's new policy to her, showing an installment payment of $164.62 due on May 26, 2007. *See* Complaint Att. 2. GEICO admitted to having received Lewis's payment of $71.40 on May 24, 2007. *See id.* GEICO asserted that it had sent a notice of cancellation for failure to make the full payment to Lewis on May 29, 2007, informing Lewis that the policy would cancel on June 12, 2007 if full payment was not received, and thus also asserted that "the loss of June 29, 2007 was not covered." *Id.* Lewis contends in her Complaint that "GEICO [] owes Capital One for the car." Complaint at 3.

Lewis continued to drive the damaged Chrysler until early 2008 notwithstanding the fact that it was not registered and uninsured. *See* Complaint at 4. After police ticketed Lewis around September 2008 for driving the car while unregistered and uninsured, they had the car towed and Lewis could not afford to pay the towing and storage costs or to pay off COAF to get the title, so she left it with the towing company. *See id.* COAF repossessed the Chrysler in early 2010, sold it for $2600, and told Lewis that she owed it $25,000. *See id.* at 4-5.

## II.     GEICO's motion to dismiss.

GEICO first argues that Lewis's Complaint should be dismissed because it "fails to illustrate negligence on GEICO's part" by not specifying "any way in which GEICO has failed to exercise reasonable care." Doc. 8 at 2.

> A complaint should be dismissed for failure to state a claim under FED. R. CIV. P. 12(b)(6)
>
> if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.' " *Macarthur v. San Juan County*, 497 F.3d 1057, 2007 WL 2045456, at *5, 2007 U.S.App. LEXIS 17008, at *16 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 541, 127 S. Ct. 1955, 1968-69, 167 L. Ed.2d 929 (2007)).

*Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 544). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted" under Rule 8(a)(2). *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks omitted), *cert. denied*, 130 S. Ct. 1142 (Jan. 19, 2010). "[I]f the court can reasonably read the pleadings to

4

state a valid claim on which [a pro se] plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Because this is a diversity case, the Court must look to New Mexico's substantive law to determine whether Lewis has stated a claim against her insurer. *See City of Hobbs v. Hartford Fire Ins. Co.*, 162 F.3d 576, 582 (10th Cir. 1998). The Court first notes that Lewis indicates that GEICO was negligent by failing to exercise reasonable care because it failed to timely send to her the new policy of insurance and the premium statement, which ultimately resulted in her policy being canceled and GEICO not paying the 2007 damage losses to the Chrysler. Certainly, GEICO's duty to timely send Lewis a copy of the new policy and the premium statement so that it could be timely paid arose from the policy itself. *See Ambassador Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 753 F.2d 824, 830 (10th Cir. 1985) (incorporating New Mexico Supreme Court opinion on certified question noting that, "when failure to settle [an insurance] claim stems from a failure to properly investigate the claim or to become familiar with the applicable law, etc., then this is negligence in defending the suit (a duty expressly imposed upon the insurer under the insurance contract) and is strong evidence of bad faith in failing to settle. Here, basic standards of competency can be imposed, and the insurer is charged with knowledge of the duty owed to its insured. In this sense, such negligence becomes an element tending to prove bad faith, but not a cause of action in and of itself" and holding that New Mexico does not recognize a cause of action for negligent failure to settle an insurance claim). The Court rejects GEICO's argument that Lewis did not specify "any way in which GEICO has failed to exercise reasonable care." Further,

> [u]nder New Mexico law, an insured has a cause of action against its insurer for bad

5

> faith for failing to settle where its insurer breaches an "implied covenant of good faith and fair dealing that the insurer will not injure its policyholder's right to receive the full benefits of the contract." *Dairyland Ins. Co. v. Herman*, 124 N.M. 624, 954 P.2d 56, 60 (N.M. 1997). New Mexico does not adhere to a single definition of bad faith in the context of insurance matters. *Ambassador Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 102 N.M. 28, 690 P.2d 1022, 1025 (N.M. 1984). The key principle underlying the covenant of good faith in an insurance contract is that the insurer treat the interests of the insured equally to its own interests. *See Dairyland*, 954 P.2d at 61. Thus an insurance company acts in bad faith when it places its own interests ahead of the interests of the insured. *Id.*

*City of Hobbs v. Hartford Fire Ins. Co.*, 162 F.3d at 582; *and see Homestead Invs., Inc. v. Found. Reserve Ins. Co.*, 83 N.M. 242, 245, 490 P.2d 959, 962 (1971) ("[T]he insured should be able to rely upon the provisions of his policy or memorandum of insurance to inform him of all his rights and duties under his insurance contract."); *Willey v. United Mercantile Life Ins. Co.*, 128 N.M. 98, 990 P.2d 211 (Ct. App. 1999) (holding that the insured established a prima facie case of estoppel barring the insurer's statute of limitations defense because the insurer failed to deliver the policy to the insured before expiration of the limitations period").

Here, based on a fair reading of the allegations in her Complaint, Lewis is asserting three claims against GEICO besides a claim for negligence. First, she is seeking a determination whether her insurance contract was effectively cancelled such that her insurance lapsed on June 12, 2007 under the circumstances in which (i) GEICO failed to timely send to her the new policy and premium statements; (ii) she timely made a partial premium payment based on GEICO's explicit instructions and its statement that making such a payment would keep her policy in force until she received her policy and payment instructions; and (iii) she did not receive notice of the cancellation. The question of effective cancellation is resolved under the principles of contract law, and is actually a claim for breach of contract. *See State Farm Mut. Auto. Ins. Co. v. Chaney*, 272 F.2d 20, 20-22 (10th Cir. 1959) (noting that "whether or not a policy of automobile insurance issued to the appellee

had been effectively canceled by the insurance company prior to the date of loss occasioned to the insured" must be resolved by looking at the policy contract and the law of the forum state);  *Salas v. Mountain States Mut. Cas. Co.*, 145 N.M. 542, 547, 202 P.3d 801, 806 (2009) (quoting Thomas M. Fleming, Annotation, INSURER'S DUTY, AND EFFECT OF ITS FAILURE, TO PROVIDE INSURED OR PAYEE WITH COPY OF POLICY OR OTHER ADEQUATE DOCUMENTATION OF ITS TERMS, 78 A.L.R. 4th 9, § 2(a) (1990) for the proposition that "[a] number of courts have recognized that insurers as a whole, or particular insurers, have a general duty to provide the named insured . . . with a copy of the policy or other adequate documentation of its terms").

In the alternative, Lewis has also stated a claim for fraud.  In New Mexico,

[t]o state a claim for fraud, plaintiffs must allege

> that a representation was made as a statement of fact which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that the other party did in fact rely on it and was induced thereby to act to his injury or damage.

*Sauter v. St. Michael's Coll.*, 70 N.M. 380, 384-85, 374 P.2d 134, 138 (1962).  Fraud may also be premised on an omission if there is a duty to disclose information, such as when the defendant has superior knowledge.

*Heimann v. Kinder-Morgan CO2 Co., L.P.*, 140 N.M. 552, 558, 144 P.3d 111, 117 (Ct. App. 2006); *see Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997) (stating that, to survive a motion to dismiss under FED. R. CIV. P. 8 and 9(b), allegations of fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof") (internal quotation marks omitted); FED. R. CIV. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

Lewis alleges that GEICO employees maliciously made statements of fact to the effect of

7

"the policy is in the mail" and "you may pay the amount of your old policy until you receive the new policy to keep your policy in force" that were not true when they were made; that she relied on the statements and acted on them to her injury by paying only the amount due under the old policy; and that this resulted in injury because the policy was canceled for failure to make timely payment in full.

Lewis's third claim against GEICO may be fairly read as an alternative one for breach of its duty of good faith and fair dealing in failing to pay COAF on Lewis's behalf, apparently under the Uninsured Motorist provision of the policy, for the damages arising from the June 29, 2007 theft after GEICO informed COAF that COAF's benefits through the "loss payable clause" did not terminate until July 7, 2007, which was after the damages had occurred.  This claim, too, is based in contract. *See Bourgeous v. Horizon Healthcare Corp.*, 117 N.M. 434, 438-39, 872 P.2d 852, 856-57 (1994) ("The concept of the implied covenant of good faith and fair dealing requires that neither party do anything that will injure the rights of the other to receive the benefit of their agreement. Denying a party its rights to those benefits will breach the duty of good faith implicit in the contract. This concept of the duty of good faith initially developed in contract law as a kind of safety valve to which judges may turn to fill gaps and qualify or limit rights and duties otherwise arising under rules of law and specific contract language;" noting that "the duty to not act in bad faith or deal unfairly becomes part of the contract and the remedy for its breach is on the contract itself;" and holding that "tort remedies are not available for breach of the implied covenant in an employment contract") (internal quotation marks and citations omitted).

The Court concludes, therefore, that Lewis has stated a claim for damages in the amount of almost $5000 against GEICO under either a negligence theory for failure to timely send to her a copy of the new policy and policy premium statement; or on a breach-of-contract theory based on

an invalid cancellation; or on a fraud claim; or on a theory of a breach of its covenant of good faith and fair dealing in refusing to pay for the damages under the loss-payable clause[4]. The Court will give Lewis fourteen days to file an amended Complaint that sets forth her claims for breach of contract.

GEICO next argues that "by filing her Complaint more than three years after her alleged loss, Plaintiff has violated the statute of limitation for personal injury in the State of New Mexico" because her negligence claim sounds in tort[5]. *See* Doc. 8 at 4. The Court also notes that "[f]raud is a tort, rather than a breach of contract, claim." *Heimann*, 140 N.M. at 558, 144 P.3d at 117. "In actions for relief, on the ground of fraud . . . the cause of action shall not be deemed to have accrued until the fraud . . . complained of, shall have been discovered by the party aggrieved."). Here, Lewis alleges that she knew she had not received the new policy she requested in May and June 2007, and she learned of GEICO's contention that her policy was canceled and that GEICO would not pay for the damage to her Chrysler on June 29, 2007. The statute of limitations for torts, therefore, bars Lewis's negligence and fraud claims because her Complaint was not filed until July 7, 2010. Contrary to Lewis's contention, the filing, without payment of filing fees, of her November 2009 Complaint (which was dismissed without prejudice under § 1915(e)(2)) did not toll the statute

---

[4] Lewis's claim that GEICO is responsible to her or to COAF for the ultimate loss of the Chrysler, of course, is without merit because it was recovered after it was stolen and Lewis's only claim under the policy that arguably was still in effect was one for uninsured motorist damages caused by the person who stole it. Lewis did not lose the car until 2008, when she chose not to recover it from the towing company. That loss clearly was not covered under the 2007 GEICO policy that had expired by that point. And her allegations and story regarding GEICO's and unrelated individuals' and entities' alleged actions in 2000 and 1997, which begins in the middle of page 5 of her Complaint, are irrelevant.

[5] GEICO does not argue, and the Court therefore does not address, the issue whether, when the insurance contract sets forth the duties of the parties, a tort claim for negligence must be premised upon an independent duty that exists apart from the contract.

9

of limitations. *See King v. Lujan*, 98 N.M. 179, 181, 646 P.2d 1243, 1245 (1982) (holding "that a dismissal without prejudice operates to leave the parties as if no action had been brought at all. Following such dismissal the statute of limitations is deemed not to have been suspended during the period in which the suit was pending."). As the Court instructed, Lewis could have immediately refiled her case and paid the filing fee, *see Lewis v. Capital One*, No. 09cv1062 KBM/LAM, Doc. 7 at 3 (D.N.M. Dec. 28, 2009), *aff'd*, *Lewis v. Center Market*, No. 09cv2275, 2010 WL 1948881, *2-*3 (10th Cir. May 17, 2010) (unpublished), and could have avoided a statute-of-limitations problem, but instead, she chose to appeal.

The Court also rejects Lewis's contention that her fraud claim against GEICO did not accrue until July 7, 2007, when COAF's loss-payee benefit ended. As noted, Lewis knew on June 29, 2007 that GEICO refused to cover her claim for damages arising from the theft of her car based on its assertion that her policy was canceled, and her fraud claim, which relates only to cancellation, began to run on that date. The Court also finds no basis for equitable tolling.

But because two of Lewis's potential claims arise under the law of contracts, the statute of limitations for torts does not apply to those claims. *See Brooks v. State Farm Ins. Co.,* 141 N.M. 322, 323-24, 154 P.3d 697, 698-99 (Ct. App. 2007) (noting that "the six-year statute of limitations for contract actions applies to [uninsured motorist] claims" and holding that "the statute of limitations on [an uninsured motorist] claim begins to run upon breach of the insurance contract [as opposed to the date of the accident or loss], where neither the [uninsured motorist] statute nor the insurance policy provide otherwise"); *but see Torrez v. State Farm Mut. Auto. Ins. Co.*, 705 F.2d 1192, 1202 (10th Cir. 1982) (holding, in case where administrator sued deceased's insurance company for bad faith in failing to settle claim against deceased's estate, that "the applicable statute of limitations is § 37-1-4 N.M.S.A. 1978. The statute bars suits involving a tort or unwritten

contract brought more than four (4) years after the cause of action accrues."). If Lewis timely amends her Complaint to allege the breach-of-contract claims set forth above, they will not be barred by the statute of limitations.

The Court will not dismiss Lewis's Complaint solely because she failed "to state her claims in numbered paragraphs and to make separate legal claims." Doc. 8 at 4. But Lewis shall comply with FED. R. CIV. P. 10(b) when she prepares her Amended Complaint. And because the Court has parsed Lewis's Complaint and clearly set forth the two claims that remain viable, there is no need to grant GEICO's alternative motion for a more definite statement.

**III.    COAF's motion to dismiss.**

Like GEICO, COAF contends that Lewis's "fraud claim against COAF is not stated with the requisite particularity required under Federal Rule of Civil Procedure 9(b)," based on its assertions that Lewis failed to set forth the specific representations COAF made or that any representations were false. Doc. 10 at 2, 4. As to Lewis's claim of negligence, COAF asserts, based only on a New Mexico Court of Appeals case that has been reversed, that, although a "'party may be liable in negligence for the breach of a duty which arises out of a contractual relationship,'" Lewis failed to "adequately articulate the alleged duty that was breached." *Id.* at 4. COAF also contends that Lewis "cannot possibly sustain a damages claim when she received free use of the vehicle for over two years" before it was towed. *Id.* at 2. As to the last statement, COAF clearly ignores the fact that Lewis alleges that she was unable to ever register the Chrysler because COAF refused to send the title to the DMV; that Lewis was damaged by being unable to legally drive an unregistered car; and that she was ticketed and the car was towed because it was unregistered. COAF apparently, and erroneously, believes that it may ignore pleas for assistance in registering vehicles for which it holds titles for collateral while still demanding that the purchasers make payments for cars it is preventing

the purchaser from legally driving.

The Court concludes that Lewis adequately alleged that COAF had an implicit duty under the financing agreement to temporarily release the Chrysler's title to the state DMV so that Lewis could register it in New Mexico. But the Court agrees that Lewis failed to set forth specific false representations COAF made that resulted in the loss of the use of her car.

In response, Lewis contends that COAF made the implicit representation that it still had the Chrysler's title when, in fact, it had lost the title. But, as the further allegations demonstrate, that misrepresentation did not cause the loss Lewis suffered.

The Court concludes that, as with GEICO, Lewis has stated a claim either for negligence or for breach of COAF's good-faith duty, arising under the finance contract, not to do anything that would injure Lewis's rights "to receive the benefit of their agreement." *See Bourgeous*, 117 N.M. at 438-39, 872 P.2d at 856-57; *Cont'l Potash, Inc. v. Freeport-McMoran, Inc*, 115 N.M. 690, 706, 858 P.2d 66, 82 (1993) ("Whether express or not, every contract in New Mexico imposes the duty of good faith and fair dealing upon the parties in the performance and enforcement of the contract. The breach of this covenant requires a showing of bad faith or that one party wrongfully and intentionally used the contract to the detriment of the other party.") (internal citation omitted); *Kropinak v. ARA Health Servs., Inc.*, 131 N.M. 128, 33 P.3d 679, 681 (Ct. App. 2001) ("Under the implied covenant of good faith and fair dealing, courts can award damages against a party to a contract whose actions undercut another party's rights or benefits under the contract.").

The Court will give Lewis an opportunity to amend her Complaint to state a claim against COAF for breach of COAF's duty of good faith and fair dealing, following the requirements of FED. R. CIV. P. 10(b).

**IT IS ORDERED** that GEICO'S *Motion to Dismiss* [Doc 7] is GRANTED to the extent that

Lewis's claims for negligence and fraud against GEICO are dismissed with prejudice as barred by the statute of limitations, and DENIED in all other respects;

**IT IS FURTHER ORDERED** that COAF's *Motion to Dismiss* [Doc. 10] is GRANTED to the extent that Lewis's claim for fraud against COAF is dismissed with prejudice and is DENIED in all other respects;

**IT IS FURTHER ORDERED** that Lewis shall be given 14 days to amend her Complaint against GEICO and COAF to allege claims for breach of contract and for breach of the covenant of good faith and fair dealing, as set forth above and complying with the requirements of FED. R. CIV. P. 10(b), and that she shall not include in her Amended Complaint any allegations regarding events occurring before May 2007 or involving matters unrelated to the specific breach-of-contract or negligence claims involving GEICO and COAF.

_Robert Hayes Scott_
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent