IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NANCY LEWIS,**

    **Plaintiff,**

**v.**                                                      **No. CV 10–638 RHS/WDS**

**CAPITAL ONE and
GEICO INSURANCE,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant GEICO General Insurance Company's *Motion for Summary Judgment*, filed December 8, 2010 [Doc. 41]. GEICO seeks partial summary judgment only on pro-se Plaintiff Nancy Lewis's "extra-contractual claims[1]" against GEICO. *Id.* at 1. GEICO's brief clarifies that it seeks summary judgment on Lewis's "claim for breach of the covenant of good faith and fair dealing." Doc. 42 at 1. Having considered the parties' submissions, the record, and the relevant law, the Court will deny the motion because there exists a genuine issue of material fact whether GEICO properly and timely mailed to Lewis a new insurance policy, bill, and notice of cancellation and whether GEICO tried to cover up its alleged failure to do so after it allegedly improperly cancelled her insurance without notice.

**1.**    **LEGAL STANDARD**

---

[1] GEICO's use of the term "extra-contractual" is confusing, especially in light of the Court's explanation that, although Lewis had failed to state viable claims for negligence and fraud against GEICO in her original Complaint, if she amended her Complaint, Lewis could potentially state a claim for breach of contract "based on an [allegedly] invalid cancellation," or for "breach of its covenant of good faith and fair dealing in refusing to pay for the damages," both of which "arise under the law of contracts." Doc. 23 at 6, 8, and 10. Lewis subsequently amended her Complaint to allege breach of contract and breach of the covenant of good faith and fair dealing. *See* Doc. 24 at 1.

The Court should grant a motion for summary judgment only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56 (a) (Dec. 1, 2010). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way" and a fact "is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003). The Court must "view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment . . . ." *Williams v. Rice*, 983 F.2d 177, 179 (10th Cir. 1993). GEICO has submitted an affidavit and documentary evidence in support of its motion; contrary to GEICO's assertion that Lewis "has failed to produce any evidence, documentation or otherwise, that the cancellation notice was not sent as established by the exhibits," Doc. 55 at 1, Lewis has pointed to or submitted documentary evidence in response to the motion.

**II.    RELEVANT FACTS**

GEICO originally insured Lewis's automobile in Connecticut under Auto Policy No. 4035-42-03-99. Her Connecticut policy was set to expire on May 23, 2007 if it was not renewed. *See* Doc. 42, Ex. A-1 at 2. In 2007, Lewis was consistently late in making her monthly premium payments, and GEICO warned her via e-mails in January, February, March, and April 2007 that her policy could be canceled for failing to make timely premium payments. *See* Doc. 54, Ex. 2. On January 14, 2007, and again on April 12, 2007 GEICO notified Lewis via e-mail that her policy would be canceled effective January 23 and April 20, 2007, respectively, if she did not timely pay the premium, noting that it had also sent her the cancellation notices in the regular mail. *See id.* Lewis apparently met the payment deadline each time and avoided cancellation. In April 2007,

Lewis was paying $71.40/month for the Connecticut premium.

Although she lived in South Carolina for a while and registered her car there, GEICO has submitted an affidavit indicating that it only issued policies for Connecticut and then for New Mexico. *See* Doc. 42, Ex. B ¶ 4 ("The policy for Connecticut was closed out and a policy for New Mexico was issued effective May 12, 2007."). Lewis had contacted GEICO's service department on May 11, 2007, to advise that she was moving to New Mexico. According to Lewis's first sworn Complaint, to which she refers in her Amended Complaint, a GEICO employee "quoted a figure for her New Mexico policy that was more than twice what she had paid in Connecticut." Doc. 1 at 1. GEICO asserts that, on May 12, 2007, it mailed the New Mexico policy and the bill requiring an initial payment of $164.62 by May 26, 2007, to Lewis at the New Mexico address that Lewis provided. In support, however, GEICO submits only a printed cover letter, policy, and bill dated May 12, 2007 and the testimony that the documents were not returned to GEICO; no one with personal knowledge testified that the New Mexico policy and bill were actually mailed to Lewis in New Mexico at any time. Lewis contends that, when she did not receive her new bill and policy, she twice called GEICO, and an employee told her on May 21, 2007 that she could keep her insurance coverage in force until she received the new bill and policy by sending in her old payment amount. GEICO concedes that it received Lewis's old payment amount of $71.40 on May 24, 2007, *see* Doc. 42, Ex. B ¶ 10, which supports Lewis's contention that she did not receive her new bill or policy before that time. In her Amended Complaint and in response to the motion for summary judgment, Lewis implies that GEICO may have fraudulently printed and backdated the cover letter and policy because she did not receive a new policy from GEICO until sometime after June 29, 2007, at which point she received "proof of insurance" cards indicating a policy change to *South Carolina* with the effective dates of May 12, 2007 and May 23, 2007. *See* Doc. 24 at 2 and n.2; *id.*,

Ex. 1. Her implication is that, if GEICO had indeed mailed the New Mexico insurance policy and cards to her in May, then it should have mailed to her the same policy and cards in July, instead of the South Carolina cards. Thus, Lewis has presented some evidence that GEICO, in bad faith, not only canceled her policy without notice, but also wrongfully covered up the fact that it had not sent to her the New Mexico policy and bill before it canceled the policy for nonpayment of premiums.

GEICO next contends that, even if Lewis did not receive the policy and bill in May, it is undisputed that Lewis did not send in the full amount of the premium payment by May 26, 2007 and GEICO separately mailed to Lewis the notice of cancellation for nonpayment of premiums on May 29, 2007. According to GEICO, that mailing satisfied its duty to Lewis before canceling her policy effective June 12, 2007, so there can be no genuine dispute whether it acted in bad faith when it refused to investigate or pay for the loss of her car on June 29, 2007. Again, GEICO submitted no affidavit from an employee assigned the task of actually preparing and mailing the notice of cancellation to Lewis. Instead, in support of its assertion that GEICO mailed a notice of cancellation on May 29, 2007, GEICO attaches an affidavit generally stating that GEICO "documents when cancellation notices are sent." Doc. 42, Ex. B at ¶ 16. The document the affidavit refers to (Exhibit D) consists of two pages. The first page is an unsigned and unstamped form apparently intended to ultimately be a "certificate of mailing" for May 29, 2007 that includes Lewis's name and address as the last name in the bottom right-hand corner of the page, along with many other individual's names and addresses. *See* Doc. 42, Ex. D at 1. Because it is unsigned and unstamped, however, this document establishes nothing more than that someone filled out a form but failed to have it stamped at the post office. The second page of the Exhibit, which has a postal stamp dated May 29, 2007, and a stamp showing the name of the postal employee who date-stamped the document on the postmaster's signature line, is different from the first page. *See id.* at 2. It does not contain the

names of any of the other individuals; it just has Lewis's name typed and circled in the bottom right-hand corner. A further problem is that, when the postmaster-signature lines are lined up on the two pages, Lewis's name is not in the same place on the second, stamped page as it was on the first, unstamped page, which indicates that, instead of the postmaster stamping and certifying page one of Exhibit D, all of the actual names on the May 29, 2007 page that was stamped were covered up, the document was copied, and then Lewis's name was retyped on the new copy of the stamped document. Lewis comments on how easy it is to fraudulently create page two of Exhibit D, even submitting one of her own, and suggests that page two of the Exhibit showing the certificate of mailing dated May 29, 2007 was fraudulently altered or created.

Lewis also submits copies of a summary list of emails that she states she had always previously contemporaneously received from GEICO whenever it mailed her notices of cancellation (the last one having been sent only the month before). She contends that the fact that GEICO did not send her an email about the notice, as was its previous practice, is further evidence that it never sent to her the May 29 notice of cancellation and that it is trying to cover up its missteps and wrongful refusal to pay her insurance claim.

Examining the evidence in a light most favorable to Lewis, and drawing all reasonable inferences in her favor, the Court cannot say that there is no genuine dispute regarding whether GEICO timely mailed to Lewis the notice of cancellation at her address in Espanola before it cancelled her New Mexico policy, and, accordingly, whether it acted in bad faith in refusing to investigate or pay for the loss of her car. The Court must deny summary judgment.

**IT IS ORDERED** that GEICO's motion for summary judgment [Doc. 41] is DENIED.

*Robert Hayes Scott*
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent