# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO

**NANCY LEWIS**
    **Plaintiff,**

v.                                               No. CV 10-638 RHS/WDS

**CAPITAL ONE AUTO FINANCE and GEICO INSURANCE,**
    **Defendants.**

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND INFORMATION FROM DEFENDANT CAPITAL ONE

Plaintiff hereby propounds her second request for production of documents and information from Defendant Capital One:

3. Information regarding how, when, from whom and under what circumstances Capital One obtained the two fraudulent tax returns it has in its files for Plaintiff for 2004 and 2005.

5. A copy of the title used to sell the vehicle at issue showing to whom sold and the bill of sale.

Exhibit A

Respectfully submitted,

_____
Nancy Lewis, *Pro Se*
2339 Calle Reina
Santa Fe, NM  87507
Tel: cell 505 819-1339
rilke1872@yahoo.com

## CERTIFICATION

I hereby certify that *a cel jour*, Jan. 21, 2010, I mailed a copy of this Pleading to Atty. Stan N. Harris, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Post Office Box 2168, Albuquerque, New Mexico  87103; Attys. Ryan S. Patterson and Kevin D. Quigley, Quarles & Brady LLP, One Renaissance Square, Two North Central Avenue, Phoenix, AZ 85004; and Atty. Stephen M. Simone, Simone, Roberts & Weiss, P.A., 11200 Lomas Blvd., N.E., Suite 210, Albuquerque, New Mexico  87112.

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NANCY LEWIS,

    Plaintiff,

v.                                                        No. 10-CIV-638 RHS/WDS

CAPITAL ONE AUTO FINANCE and
GEICO INSURANCE,

    Defendants.

## CAPITAL ONE AUTO FINANCE, INC.'S RESPONSE TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS AND INFORMATION

3. **Information regarding how, when, from whom and under what circumstances Capital One obtained the two fraudulent tax returns it has in its files for Plaintiff for 2004 and 2005.**

Objection; the request assumes the tax returns are fraudulent. COAF received those documents Bates numbered COAF(Lewis) 000048 through 000052 from Royal Subaru Isuzu as part of the loan application for the subject Vehicle.

5. **A copy of the title used to sell the vehicle at issue showing to whom sold [*sic.*] and the bill of sale.**

Plaintiff has alleged breach of contract and breach of implied covenant of good faith and fair dealing claims resulting from the events that transpired in or around the Summer 2007. A copy of the title used to sell the car after the repossession and the bill of sale are completely irrelevant with respect to Plaintiff's claim. The request is not reasonably calculated to lead to the discovery of admissible evidence.

Exhibit B

Respectfully submitted,

QUARLES & BRADY LLP
Kevin D. Quigley (kquigley@quarles.com)
Ryan S. Patterson (ryan.patterson@quarles.com)
One Renaissance Square
Two North Central Avenue
Phoenix, AZ 85004
(602) 229-5200
Fax (602) 229-5690
and

MODRALL SPERLING ROEHL
 HARRIS & SISK, P.A.
Stan N. Harris (sharris@modrall.com)
P. O. Box 2168
Albuquerque, NM 87103
(505) 848-1800
Fax (505) 449-2006

By_____
         Ryan S. Patterson

**ATTORNEYS FOR DEFENDANT CAPITAL ONE AUTO FINANCE**

I HEREBY CERTIFY that on the 25th day of February, 2011, I mailed the foregoing to the following parties.

Nancy Lewis, Pro Se
2339 Calle Reina
Santa Fe, NM 87507
Plaintiff Pro Se

Stephen M. Simone, Esq.
Simone, Roberts & Weiss, P.A.
11200 Lomas Blvd, N.E., Suite 210
Albuquerque, NM 87112
Attorney for Defendant Geico Insurance Co.

2

3

QUARLES & BRADY LLP

By *[signature]*
Becky Patterson

**Request for compliance**                                    Tuesday, March 1, 2011 12:24 PM

From: "Nancy Lewis" <rilke1872@yahoo.com>
To: ryan.patterson@quarles.com
Cc: hzayani@srw-law.com, snh@modrall.com, kquigley@quarles.com

Mr. Patterson, this is a request for compliance under F.R.C.P. 37:

Kindly have your client provide a copy of the title used to sell the subject vehicle as requested in my second request for documents and information. Contrary to your client's contention, the title used to sell the subject vehicle is my business. Capital One informed me in August, 2007, that the title to the vehicle had been lost and that was the reason they had not furnished it to New Mexico, as requested. Whether or not this was/is true remains in question and can likely be clarified by your client providing a copy of the title used to sell the vehicle. As well, I devoted a good deal of time and effort, not to mention money, trying to help Capital One solve this alleged dilemma and deserve to know the truth.

Thank you for your cooperation.

Nancy Lewis

Exhibit C



One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004-2391
Tel 602.229.5200
Fax 602.229.5690
www.quarles.com

*Attorneys at Law in:*
*Phoenix and Tucson, Arizona*
*Naples and Tampa, Florida*
*Chicago, Illinois*
*Milwaukee and Madison, Wisconsin*

Writer's Direct Dial: 602.229.5437
E-Mail: ryan.patterson@quarles.com

March 22, 2011

**Via U.S. Mail and Electronic Email**

Nancy Lewis
2339 Calle Reina
Santa Fe, NM 87507
rilke1872@yahoo.com

    **RE:**    **Lewis v. Capital One Auto Finance**

Dear Ms. Lewis:

    This letter is in response to your Tuesday, March 1, 2011, email wherein you asked that my client supplement its discovery responses and provide a copy of the title used to sell the subject vehicle after the repossession. As previously stated, this information is wholly irrelevant to the claims pending against Capital One in the lawsuit. Nonetheless, to avoid needless motion practice, a copy of the title is attached hereto.

                                      Very truly yours,

                                      Ryan S. Patterson

cc:    Stan N. Harris, Esq.
        Stephen M. Simone, Esq.

QB\191108.00125\12844290.1

*Exhibit D*

# STATE OF SOUTH CAROLINA
## CERTIFICATE OF TITLE
### OF A VEHICLE

| VEHICLE ID NUMBER | YEAR MAKE | MODEL | NEW/USED |
|---|---|---|---|
| 1G5EL58R35N541812 | 2005 CHEV | SEDAN | USED |

| BODY STYLE | DATE ISSUED | ODOMETER | WEIGHT | TITLE NUMBER |
|---|---|---|---|---|
| CH | 10-11-2006 | 27,506 | 3276 | 7701291434641BB |

VEHICLE BRAND(S)
ACTUAL MILEAGE

FULL NAME OF OWNER(S)
LEWIS, NANCY LOUISE
110 FOOTE ST
CHESTER SC 297861494

CUSTOMER NUMBER: 051501032

FIRST LIENHOLDER
CAPITAL ONE AUTO FINANCE
PO BOX 93016
LONG BEACH CA 908093016
DATE OF LIEN    03/25/2006

1ST LIEN RELEASED _____ (DATE)
BY _____ (AUTHORIZED AGENT)

THE SOUTH CAROLINA DEPARTMENT OF MOTOR VEHICLES HEREBY CERTIFIES THAT THE PERSON HEREIN IS REGISTERED BY THIS DEPARTMENT AS THE LAWFUL OWNER OF THE VEHICLE DESCRIBED SUBJECT TO THE LIENS, IF ANY, HEREIN SET FORTH.

MARCIA S. ADAMS
EXECUTIVE DIRECTOR

MARK SANFORD
GOVERNOR

037222287

Exhibit E

**Re: Lewis v. Capital One**                                            Tuesday, March 22, 2011 4:58 PM

**From:** "Nancy Lewis" <rilke1872@yahoo.com>
**To:** " Ryan S.Patterson" <Ryan.Patterson@quarles.com>

Mr. Patterson, I have of course seen this title, and it is not what I requested. I asked for a copy of the title as it applied to whomever the car was sold to, listing their name, as well as a copy of the bill of sale. When you sell a vehicle, the title is signed over to the purchaser, and this is what I want not a copy of something that your client already had in its files, though I suspect not in its original form. Thank you for your help.

Nancy Lewis

--- On **Tue, 3/22/11, Patterson, Ryan S. <*Ryan.Patterson@quarles.com*>** wrote:

> From: Patterson, Ryan S. <Ryan.Patterson@quarles.com>
> Subject: Lewis v. Capital One
> To: "'rilke1872@yahoo.com'" <rilke1872@yahoo.com>
> Cc: "'sharris@modrall.com'" <sharris@modrall.com>, "'ssimone@srw-law.com'" <ssimone@srw-law.com>
> Date: Tuesday, March 22, 2011, 4:33 PM
>
> Please see the attached.
>
>
> **Becky Patterson**
> Legal Secretary
>
> One Renaissance Square
> Two North Central Avenue
> Phoenix, Arizona 85004-2391
> www.quarles.com
> P: (602) 229-5668
> F: (602) 229-5690
> becky.patterson@quarles.com
>
>
> This electronic mail transmission and any attachments are confidential and may be privileged.
> They should be read or retained only by the intended recipient. If you have received this
> transmission in error, please notify the sender immediately and delete the transmission from
> your system. In addition, in order to comply with Treasury Circular 230, we are required to
> inform you that unless we have specifically stated to the contrary in writing, any advice we
> provide in this email or any attachment concerning federal tax issues or submissions is not
> intended or written to be used, and cannot be used, to avoid federal tax penalties.

*Exhibit F* (handwritten)

**Your snide comments . . .**                                    Tuesday, March 22, 2011 5:21 PM

From: "Nancy Lewis" <rilke1872@yahoo.com>
To: ryan.patterson@quarles.com
Cc: snh@modrall.com, hzayani@srw-law.com, kquigley@quarles.com

. . . do not wash over me like water on a duck's back, you know. My request for the title that was used to sell the vehicle is hardly "wholly irrelevant" to the claims pending against your client, since your lying client advised me that it had lost the title to my car and that was the reason it had not provided the title to New Mexico, as requested. Lies equal bad faith and unfair dealing, something that is apparently going to continue right through litigation.

And when I am forced to file motions to compel your client to comply with my requests, apparently on your bad advice, I hardly think that these filings can be considered "needless motion practice."

Why don't you try to hunt down a lying consultant such as your co-defendant has done to try to convince the Court that deleted communications are not also evidence of bad faith and unfair dealing?

I may be poor but I'm thankful that I don't have to make my living lying and supporting other liars the way you do.

Nancy Lewis

Exhibit G

**[ No Subject ]**             Wednesday, March 23, 2011 12:28 AM

**From:** "Nancy Lewis" <rilke1872@yahoo.com>
**To:** ryan.patterson@quarles.com
**Cc:** snh@modrall.com, hzayani@srw-law.com, kquigley@quarles.com

Mr. Patterson, I did not, as you stated in your letter of today, ask that your client *supplement* its discovery responses. Instead, I made a request under F.R.C.P. 37 that your client comply with my second discovery request, which it had done not at all in regard to #5, as a required prelude to the filing of a motion to compel. (And by the way, before you go throwing "sics" into *my* writing you had better know what you are talking about, because you just show your ignorance of the English language).

I feel that I have been more than patient in this matter, and so if I do not receive the requested information in its entirety by next Tuesday, March 29, you may expect me to file another motion to compel without further notice, the next day or soon after. And it will include a *much* larger request for compensation for my time and annoyance in dealing with your rudeness. (As I recall from our meeting in December, you are quite young, and it is clear that no one has yet taught you your manners).

As well, in regard to the contention in your Feb. 24 letter, issues in my previous Motion to Compel have *not* been addressed as far as I am concerned and are *not* moot. Specifically, COAF has not produced all of its records, and you cannot absolve that criminal company of responsibility by saying, "To the extent COAF has any responsive documents to these requests, those documents have already been produced." Those documents have been deleted from the record just as co-defendant Geico has done with anything that is true and supports my case. More collusion.

For your information, I did not "assume" that the tax returns not in question are fraudulent; I *know* that they are, and I am the only one in position to have this knowledge. This is an idiotic objection.

Nancy Lewis

Exhibit H

**RE: [QBLLP-ACTIVE.FID35103586]**  Monday, March 28, 2011 12:23 AM

From: "Nancy Lewis" <rilke1872@yahoo.com>
To: " Ryan S.Patterson" <Ryan.Patterson@quarles.com>

That was not the bill of sale. It says right on it, "Not a Receipt." A bill of sale *is* a receipt. And, yes, apparently a motion will be necessary, because I still don't have a copy of the title to the vehicle after it was signed over to the buyer. I don't care whether COAF has that or not; I want it, and they can get it.

--- On **Sun, 3/27/11, Patterson, Ryan S. *<Ryan.Patterson@quarles.com>*** wrote:

> From: Patterson, Ryan S. <Ryan.Patterson@quarles.com>
> Subject: RE: [QBLLP-ACTIVE.FID35103586]
> To: "Nancy Lewis" <rilke1872@yahoo.com>
> Cc: "Quigley, Kevin D." <Kevin.Quigley@quarles.com>, "Stan N. Harris" <sharris@modrall.com>
> Date: Sunday, March 27, 2011, 11:53 PM

From: Nancy Lewis [mailto:rilke1872@yahoo.com]
Sent: Sunday, March 27, 2011 7:44 PM
To: Patterson, Ryan S.
Subject: RE: [QBLLP-ACTIVE.FID35103586]

Sorry, but still not what I asked for. The title which was signed over to the buyer may not be in Capital One's possession, but it is a copy of this document which I seek. Along with a copy of the bill of sale.

*Nancy Lewis*

--- On **Sun, 3/27/11, Patterson, Ryan S. *<Ryan.Patterson@quarles.com>*** wrote:

From: Patterson, Ryan S. <Ryan.Patterson@quarles.com>
Subject: RE: [QBLLP-ACTIVE.FID35103586]
To: "Nancy Lewis" <rilke1872@yahoo.com>
Cc: "snh@modrall.com" <snh@modrall.com>, "hzayani@srw-law.com" <hzayani@srw-law.com>, "Quigley, Kevin D." <Kevin.Quigley@quarles.com>
Date: Sunday, March 27, 2011, 9:08 PM

---

From: Nancy Lewis [mailto:rilke1872@yahoo.com]
Sent: Tuesday, March 22, 2011 9:28 PM
To: Patterson, Ryan S.
Cc: snh@modrall.com; hzayani@srw-law.com; Quigley, Kevin D.
Subject:

Mr. Patterson, I did not, as you stated in your letter of today, ask that your client *supplement* its discovery responses. Instead, I made a request under F.R.C.P. 37 that your client comply with my second discovery request, which it had done not at all in regard to #5, as a required prelude to the filing of a motion to compel. (And by the way, before you go throwing "sics" into *my* writing you had better know what you are talking about, because you just show your ignorance of the English language).

I feel that I have been more than patient in this matter, and so if I do not receive the requested information in its entirety by next Tuesday, March 29, you may expect me to file another motion to compel without further notice, the next day or soon after. And it will include a *much* larger request for compensation for my time and annoyance in dealing with your rudeness. (As I recall from our meeting in December, you are quite young, and it is clear that no one has yet taught you your manners).

Exhibit I

As well, in regard to the contention in your Feb. 24 letter, issues in my previous Motion to Compel have *not* been addressed as far as I am concerned and are *not* moot. Specifically, COAF has not produced all of its records, and you cannot absolve that criminal company of responsibility by saying, "To the extent COAF has any responsive documents to these requests, those documents have already been produced." Those documents have been deleted from the record just as co-defendant Geico has done with anything that is true and supports my case. More collusion.

For your information, I did not "assume" that the             not in question are fraudulent; I *know* that they are, and I am the only one in position to have this knowledge. This is an idiotic objection.

*Nancy Lewis*

This electronic mail transmission and any attachments are confidential and may be privileged.
They should be read or retained only by the intended recipient.  If you have received this

transmission in error, please notify the sender immediately and delete the transmission from
your system.  In addition, in order to comply with Treasury Circular 230, we are
 required to
inform you that unless we have specifically stated to the contrary in writing, any advice we
provide in this email or any attachment concerning federal tax issues or submissions is not
intended or written to be used, and cannot be used, to avoid federal tax penalties.




This electronic mail transmission and any attachments are confidential and may be privileged.
They should be read or retained only by the intended recipient.  If you have received this
transmission in error, please notify the sender immediately and delete the
 transmission from
your system.  In addition, in order to comply with Treasury Circular 230, we are required to
inform you that unless we have specifically stated to the contrary in writing, any advice we
provide in this email or any attachment concerning federal tax issues or submissions is not
intended or written to be used, and cannot be used, to avoid federal tax penalties.

```
Reg  5/07/2009  HIS   SF - CHECK OR DRAFT WRITTEN(A) Sold  5/07/2009 DISS DAAE
2009 019 03 0022 W 1027002 S          L 62062130341091001            INV  165401 A
2005 CHRYSLER   SEBRING        TOURING     2DCV BLUE    BLK 6G  Miles  69365 6
VIN 1C3EL55R35N561812 Announcements FRAME/UNIBODY DAMAGE          L Y Grp CAPO
Lic#           Tab#              Pd L TR  1 Time   Bk 10:16:37 Ck 10:43:06 Alt LSE
Regd RSV                    Rg 11:22:03  UNIBODY DAMAGE FRT RAILS
************* BUYERS SIDE *************      ************* SELLERS SIDE *************
5168720 RG & M AUTO SALES                4938080 CAPITAL ONE AUTO FINANCE
  EL PASO                 TX    79927     PLANO              TX    75093
Sale price             2,600   Sig  1 Sale Price(Low   3750.00  )   2,600
Buyers Fee               140        38 Sell Fee  (MMR   5575 00  )      95
Other Adjustments           .00   Bid  Other Deductions             591.75
Net(HwPd/FT M H     )  2,740.00         Selnet(Ck/Dft# 1 N 8972608 )  1,913.25
==========================================   ==========================================
Tel 915 525 4887              Disp    Ck Id LIRIZARRY   Fee 1  Tel 469 241 7000
By Ck#   16041 Dep Time 15:41:58     Dep Id LIRIZARRY       Ck Issued  5/08/2009
Deposit Date    5/11/2009         Date Paid 5/11/2009       Ck Cleared 5/07/2009
Returned Date                  Move to Hold                 Ck S/Pmt
Balance Due           .00      Rem from Lot 5/11/2009       Ck Void
Auctioneer GL3 Block Clerk ANI  Tracking # 000000000         Ck Sent

Title C St NC # 770120163884105        Id SGINITHAN  Title Sent  5/11/2009 BU T

F1=Help F2=Detail F3=Exit F4=SalvageInfo F5=Notes F6=Factory Info SF12=More Keys
```

Exhibit I

**AUCTION COPY**

| YEAR | MAKE | MODEL/SUB SERIES | BODY | COLOR | ENG | INT | INT R | TRN | PS | PB | AC | EW | ES | TOP | CC | EL | 4X | TL | SRS | SI | RD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2005 | CHRYSLER | SEBRING TOURING | 4DSD | BLUE | 6B | BLU | V | C | A | X | X | X | X | X | X | X | X | D | | | |

NOTES: NO FRAME DAMAGE

***CAUTION*** YELLOW CAUTION FULL FULL 14PSI 7 PSI 14PSI 7 PSI MECH FRAME

**ODOMETER DISCLOSURE STATEMENT** Section 580.5 Disclosure form
FEDERAL LAW (AND STATE LAW, IF APPLICABLE) REQUIRES THAT YOU STATE THE MILEAGE UPON TRANSFER OF OWNERSHIP. FAILURE TO COMPLETE OR PROVIDING A FALSE STATEMENT MAY RESULT IN FINES AND/OR IMPRISONMENT.

☐ (1) I hereby certify that to the best of my knowledge the odometer reading reflects the amount of mileage in excess of its mechanical limits.

☐ (2) I hereby certify that the odometer reading is NOT the actual mileage
- WARNING - ODOMETER DISCREPANCY

69555 DIG 5 MILES (NO TENTHS) AND TO THE BEST OF MY KNOWLEDGE THAT IT REFLECTS THE ACTUAL MILEAGE OF THE VEHICLE DESCRIBED HEREIN, UNLESS NOTED DIFFERENTLY ABOVE.

For value received I hereby sell, assign or transfer the vehicle described on this document to the purchaser named at left.

X _Matt Martin_
TRANSFEROR'S SIGNATURE (SELLER)

X
PRINTED NAME OF (SIGNOR)

**NOTICE:**
- Do not re-purchase or finance without certificate of title.
- Auction retains security interest in vehicle until good funds received.

BUYER PLEASE CHECK ONE
☐ CLEAN (1)  ☐ ROUGH (2)  ☐ AVERAGE (3)

***CASH***

SELLING PRICE $ 2,600.00
BUYER'S FEE $
BUYER'S ADJ $ 140.00
BUYER'S ADJ $
BUY NET $ 2,740.00

R RUBEN GARCIA
C
R R&R AUTO SALES
P 11309 ALAMEDA AVE
U EL PASO TX 79927
R (915) 595-4887
5183720   1
****CASH****

FOR VALUE I USE OF OUR PLATE OR AUTHORIZED SIGNATURE I HEREBY AGREE TO PAY THE INDICATED SALE PRICE FOR THE VEHICLE DESCRIBED IN THIS VOUCHER UNDER THE TERMS AND RULES OF THE ABOVE NAMED AUCTION AND SUBJECT TO AGREEMENT ON REVERSE SIDE.

X
PRINTED PURCHASER'S NAME (BUYER)

X
PURCHASER'S SIGNATURE (BUYER)
BACK OF TITLE IF MADE ON TITLE) TO TRANSFEROR (SELLER) OR BE SUBJECT TO CIVIL &
CRIMINAL PENALTIES, INCLUDING FINES AND JAIL TIME IN Mileage Act of 1986; 49 CFR 580.5(f).

AUCTION ASSUMES NO RESPONSIBILITY NOR GUARANTEES
THE ACCURACY OF THE ODOMETER READING
**DOCUMENT NOT VALID FOR EXPORT**

**Manheim**

**NOT A RECEIPT OF PAYMENT**

CAPITAL ONE AUTO FINANCE
3905 N DALLAS PKWY
PLANO, TX 75093

LICENSE NO.
TAB
CLERK BOLD BY
PM 1 BL3

BID# 38
VIN 1C3EL56R35N541812
2005-019-030022
R&BAD
7701201638947105
AC 3704/2005
TITLE RECD X
10:12:38
5/07/2005

Exhibit K

**Resend request**                                                    Tuesday, March 29, 2011 4:23 PM

**From:** "Nancy Lewis" <rilke1872@yahoo.com>
**To:** ryan.patterson@quarles.com
**Cc:** snh@modrall.com, zayani@srw-law.com, kquigley@quarles.com

Mr. Patterson, would you be so kind as to resend your March 4 and March 27 emails to me in a format that will allow me to print them out? I am attempting to reconstruct our interactions over the title and bill of sale for what I presume must be another motion to compel, and how can I be expected to prove to the judges what an asshole (*pardonez moi Francais*) you have been to me when, in order to include your emails, I must copy them myself and thereby *not* be able to *prove* that you sent me these rude communications. And this extra work on my part also increases the amount of compensation I shall seek for your harassment. Thank you for your cooperation.

*Nancy Lewis*

Exhibit L

Plaintiff hereby certifies that the following three entries are verbatim accounts of emails received by her from Atty. Ryan S. Patterson on the noted date; these emails are formatted in such a way as to prevent reproduction that would conclusively prove their source:

March 4

Ms Lewis - Understand that my client remains steadfast that the title used to sell the car upon repossession is absolutely irrelevant to the claims pending in the lawsuit. You were in breach of your agreement with COAF during the relevant time and, as such, COAF had no obligation to furnish the title to the New Mexico department of motor vehicles (sic).

That said, to stave off another motion to compel, COAF is tracking down the title and will furnish a copy of same in due course.

March 27

Attached are the documents in COAF's possession relating to the sale of the subject vehicle in this case upon repossession that have not previously been produced.

March 27

You have the bill of sale; it was attached to my last email. You have what COAF has. No motion is necessary.

Exhibit N