IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NANCY LEWIS,

    Plaintiff,

v.                                          No. CV 10–638 RHS/WDS

CAPITAL ONE and
GEICO INSURANCE,

    Defendants.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on pro se Plaintiff Nancy Lewis's *Motion for Orders Commanding Defendants to Produce Documents, Make Restitution, Pay Damages, and for Sanctions*, filed May 31, 2011 [Doc. 95]; on her *Motion for Order for the Service of Out-of District Subpoenas and for Relief from May 4, 2011, Order*, filed May 25, 2011 [Doc. 94][1]; on her *Motion for Relief from Order*, filed September 7, 2011 [Doc. 119]; on Defendant Capital One Auto Finance, Inc.'s *Motion for Summary Judgment*, filed July 7, 2011 [Doc. 112]; on its *Motion for Sanctions*, filed May 11, 2011 [Doc. 87]; and on Defendant GEICO's *Motion to Dismiss as Further Sanction*, filed September 1, 2011 [Doc. 118]. The bench trial in this case is set for October 17, 2011.

**I.   SANCTIONS FOR FAILURE TO APPEAR AT SETTLEMENT CONFERENCE.**

Capitol One seeks reimbursement of its attorney fees for attending a May 4, 2011 settlement conference at which Lewis did not appear. *See* Doc. 87. As the Court noted in a previous Order granting GEICO's motion for attorney fees as a sanction, Lewis filed an affidavit stating why she

---

[1] By combining her requests for issuance of subpoenas with a motion to set aside the May 4, 2011 Order, Lewis has violated D.N.M. Administrative Order No. 92-88, which requires parties to "submit a separate pleading for each matter upon which adjudication or a ruling of the Court is sought." In the future, Lewis shall file separate motions instead of combining them.

did not appear for that conference:

> In that Affidavit, Plaintiff acknowledges that she received the Courts [December 28, 2010] Order setting the [May 4, 2011] Settlement Conference but states that she had not opened the transmission. Plaintiff then argues that someone "hacked" into her email account and transferred the transmissions from the Court into her spam folder.[2] The Court does not find this to be credible.

Doc. 83 at 2; *and see* Doc. 80, filed May 4, 2011 (stating that she did not receive notice of the conference). Lewis seeks relief from this Order, *see* Doc. 119, and Geico seeks the further sanction of dismissing Lewis's Complaint for her failure to pay the sanctions ordered by the Court, *see* Doc. 118.

In her response to Capitol One's motion for sanctions, Lewis acknowledged the Court's previous credibility finding but contended that she was preparing subpoenas to Yahoo to discover who hacked into her email account. *See* Doc. 88 at 1. She attaches an undated document that she asserts is an email from Yahoo showing that on May 12, 2011, at 5:12 a.m., an unknown person in Texas – whom she suspects is associated with Capitol One because its offices are based in Plano, Texas, *see* Doc. 119 at 2 n.2 – simultaneously logged into her Yahoo email account with her by illegally using her name and password. *See* Doc. 88 at 2 and Ex. 1.

Lewis then sent a Rule 45 subpoena that did not comply with the Rule to Yahoo, which Yahoo properly refused to obey. *See* Doc. 92 at 1 & n. 1 and Exs. 1, 4; Doc. 93 (denying request to sign *ex parte* subpoenas that violate Rule 45 or to overrule sanctions imposed for filing an unsupported motion to compel).

---

[2] Lewis's affidavit further speculates that, after the hacker transferred the transmission to her spam file and opened it, the hacker, "at some later date when I would not notice them, returned [the transmissions] to my inbox." Doc. 82, Ex. 1 at 3. The Court finds this as unlikely and incredible as her claim that Defendants' counsel sends email to her in disappearing blue ink. *See* Doc. 82 at 2, n.2.

2

The Court continues to find that it is not credible that a hacker moved the Court's December 28, 2010 email notifying Lewis of the settlement conference from her inbox to her spam folder, opened it and clicked on the link that provided free access to the document, and then moved the email back into her inbox at some later date so that she could not find it. Even if Lewis's speculation about a hacker were true, the Court takes judicial notice that Yahoo's website states that spam boxes are automatically emptied at least once a month, and an individual may set that automatic default for a shorter, but not for a longer, period. Thus, if the email from the Court was moved when it was sent on December 28, 2010, it had to have been moved back into the inbox from the spam folder at least by January 28, 2011. As Lewis acknowledges, when she examined her inbox transmissions of December 28, 2010 on the afternoon of May 4, the Court's transmission notifying her of the conference was there. *See* Doc. 82 at 6. Lewis had several months to find that transmission before the conference.

Further, Lewis acknowledges that Judge Schneider told her at the scheduling conference on December 22, 2010 that the settlement conference "would likely be in May, but could take place sooner." Doc. 103 at 3. Lewis came to the courthouse several times between December 28, 2010 and May 4, 2011 to file documents and could have reviewed the docket sheet and any Orders at no charge at the computers provided at the Court for that purpose, but she apparently did not bother to do so. She also never bothered to call the Court to see when the conference may be scheduled. Lewis has not shown good cause for failing to attend the scheduling conference. Litigation is an expensive and time-consuming endeavor, and a party who fails to exercise diligence at the expense of the other litigants does so at her own peril.

Lewis provides no other reason why she should not pay the costs of Capitol One's and GEICO's attorney fees for appearing at the settlement conference as a sanction for her failure to

appear, and she does not challenge the amount of the fees. The Court will grant Capitol One's motion for sanctions and deny Lewis's motion to set aside the fees awarded to GEICO. But the Court will not grant GEICO's motion to dismiss the Complaint as a further sanction at this time. Lewis is warned, however, that further failures to pay those sanctions or otherwise obey Court orders may result in dismissal of her Complaint.

## II.     UNDISPUTED FACTS MATERIAL TO THE OTHER PENDING MOTIONS.

In May 2006, Lewis purchased a 2005 Chrysler Sebring, financing $18,487.72 for its purchase through Capitol One. *See* Doc. 114, Ex. 1 at 1. Under the terms of the financing contract, Lewis was required to make monthly payments to Capitol One of $420.84. *See id.* The "Default" provision of the contract states that Lewis would be in default if she "fail[ed] to perform any obligation that [she undertook] in this Contract," including her obligation to make the monthly payment. *See id.* at 2. In the event of Lewis's default, Capitol Once could either require immediate payment of the unpaid balance of the total amount financed or it could repossess the vehicle, sell it, and apply the proceeds of the sale toward Lewis's debt, minus the costs incurred for repossession, and then sue Lewis for the remaining amount due. *See id.* Lewis failed to make one of her payments in the fall or winter of 2006, and the last payment she made to Capitol One was in April 2007. See Doc. 114 at 3. As of June 12, 2007, she owed Capitol One $1,440.79 in missed payments. *See id.* Lewis sent a check to Capitol One for $1,440.79 around June 12, 2007, but the check bounced for insufficient funds. *See id.*

Nevertheless, on June 28, 2007, Lewis began the process of registering her car in New Mexico. The New Mexico Department of Motor Vehicles requested Capitol One to send it the original title so that the car could be registered. *See* Doc. 1 at 13. Lewis's car was stolen the next day, on June 29, 2007, and was recovered by police two weeks later with about $4300 in damage

to it. *See id.* at 30-32. Defendant GEICO refused to repair the car because Lewis's insurance policy had expired for nonpayment of premiums before the car was stolen, but Capitol One's coverage as a loss-payable insured continued until July 7, 2007. *Id.* at 14. Lewis did not inform Capitol One until July 13 or 14, 2007 that the car had been stolen and damaged. *See* Doc. 112, Ex. A at 2; Doc. 114 at 4, 19 (noting on July 19, 2007 that Lewis stated there had been $5000 damage to the car while stolen, that GEICO had cancelled the insurance policy, and that Lewis refused to give Capitol One her physical address, to turn the car over to Capitol One, or to make payments). Capitol One had started collections procedures in early July 2007, but Lewis responded that she would not send any car payments until Capitol One sent the title to New Mexico so that she could register the car. *See* Doc. 112, Ex. B at 3. Lewis also did not have the money that she owed to Capitol One in her bank account between June 2007 through August 2007. *See id.*

Lewis contends that, in August 2007, a Capitol One employee informed Lewis that Capitol One had lost the Chrysler's South Carolina title, *see* Am. Compl. (Doc. 24) at 3-4 n.6, but Capitol One finally produced to Lewis a copy of that title in discovery, *see* Doc. 71, Ex. E. Capitol One states that it never sent the title to New Mexico because Lewis had breached the financing contract. *See* Doc. 112, Ex. A at 2. Capitol One noted on August 15, 2007 that Lewis still owed $17,459.10 on her loan. *See* Doc. 114 at 22.

Although she had not made a car payment since April 2007, Lewis continued to drive the damaged Chrysler notwithstanding the fact that it was not registered and was uninsured. After police ticketed Lewis in September 2008 for driving the car while unregistered and uninsured, they had the car towed and Lewis states that she could not afford to pay the towing and storage costs or to pay off Capitol One to get the title, so she left the car with the towing company. *See* Am. Compl. (Doc. 24) at 4-5. Capitol One repossessed the Chrysler from the towing company by February 2009

and states that it sold it at auction on May 7, 2009 for $2740 (including the buyer's fee). *See id*. and Ex. 2; Doc. 71, Exs. J, K. It then sent a letter of deficiency to her on May 14, 2009, informing her that she owed $22,632.68 on the financing contract, after fees, interest, and expenses. *See* Am. Compl. (Doc. 24), Ex. 3. Lewis cited these actions in 2009 as a basis of her amended complaint for the "ultimate[]" breach of the covenant of good faith and fair dealing. *See* Am. Compl. at 4-5.

### III.    LEWIS'S MOTION FOR OUT-OF-DISTRICT SUBPOENAS.

Discovery had to be completed in this case by May 19, 2011. *See* Doc. 51 at 1 (Scheduling Order). On May 17, 2011, Lewis asked the Clerk of the Court to issue Rule 45 subpoenas duces tecum to Yahoo, Inc., RG&M Auto Sales (which had purchased the Chrysler at the 2009 auction), and Manheim El Paso Auto Auction (which had held the auction at which RG&M was the high bidder). *See* Doc. 92, Atts. 2-4. These third parties all are located in districts other than the District of New Mexico. The subpoenas required the third parties to produce, at Lewis's home, copies of various records by June 1, 2011. *See id.*

The subpoenas are defective for several reasons. First, they were not personally served on third parties who are "within the district of the issuing court." Fed. R. Civ. P. 45(b)(2)(A). Second, subpoenas duces tecum must be issued "from the court for the district where the production or inspection is to be made," Rule 45(a)(2)(C), and production was to be made from districts in Texas and California. And third, contrary to Rule 45(b)(1), Lewis did not give notice to the Defendants of the issuance of the subpoenas.

On May 19, Lewis filed a confusing *Motion for Order* that sought "an extension of time to require [Capitol One] and third parties to respond to discovery requests on the basis of newly-discovered evidence." Doc. 89 at 1. Lewis did not attach copies of the subpoenas to this motion; instead, her focus seemed to be on requiring Capitol One to give her more information regarding the

former employee who had allegedly told her that Capitol One had lost the Chrysler's South Carolina title. *See id.* at 1-2 and Ex. A. The Court denied the motion on July 8, 2011. *See* Doc. 113.

Because the subpoenas do not comply with Rule 45, the Court will not enforce or serve them, nor will it extend the discovery deadline.

## IV.   LEWIS'S MOTION TO SET ASIDE THE MAY 4, 2011 ORDER.

On April 1, 2011, Lewis moved to compel Capitol One to produce to her "A copy of the title used to sell the vehicle at issue showing to whom sold and the bill of sale." Doc. 71 at 1 & Ex. A. Capitol One had earlier refused to produce the information on its contention that the title and any bill of sale were irrelevant to Lewis's breach-of-contract claim against it. *See id.* Ex. B. After Lewis filed a second motion for production and again asked Capitol One in emails to produce the documents, on March 22, 2011 it finally produced to Lewis a copy of the original title and its documentation showing that the car was sold at auction. *See id.* Exs. C, D. But because that copy of the title did not show its transfer to the new buyer, and because the documentation provided was not a "bill of sale," Lewis moved to compel production of those documents. *See id.* Exs. F, H. Capitol One responded that it didn't have that title, but Lewis insisted that it could get a copy of it. *See id.*, Exs. I, M. In its response to Lewis's motion to compel, Capitol One asserted that Lewis's request was "irrelevant to the claims she has asserted in the lawsuit;" that its production had been adequate; and that a sanction should be imposed against Lewis for having been verbally abusive and because it had to respond to what it considered a meritless motion. *See* Doc. 72 at 2-3. Lewis did not reply to Capitol One's response.

The Magistrate Judge denied the motion on May 4, 2011, concluding that Lewis had failed "to provide any facts to the Court to support her position that Defendant has documents that it is withholding." Doc. 78 at 2. "[G]iven her intemperate language in her dealings with Defendant's

7

counsel, and given that her motion was without foundation, the Court further orders that Plaintiff pay to Defendant Capital One Auto Finance the sum of $500.00 for its reasonable expenses in having to respond to this motion." *Id.*

In her motion to reconsider Judge Schneider's Order, Lewis states that, on May 20, 2011, she spoke with a person from RG&M Auto Sales, which bought the vehicle at the auction, and that he told her his company had purchased the car for $3500 at the auction with a Texas title, and not for $2600 with a South Carolina title, as Capitol One had indicated. Doc. 94 at 2-3. But because RG&M has not complied with the improper Rule 45 subpoena, Lewis has been unable to prove the discrepancies. *See id.* Lewis assured the Court that she has desisted from using intemperate language and that her language was caused by her frustration with Capitol One refusing to produce documents that she knew it had or could obtain. *See id.* In its response, Capitol One continues to argue that "[t]here is no claim pending concerning who purchased Plaintiff's vehicle at auction or how much it netted upon sale" and that Lewis's "allegations in the Amended Complaint have nothing to do with subsequent sale of the vehicle at auction." Doc. 100 at 3. It also argues that "the sanctions levied in the Order stem directly from Plaintiff's treatment of counsel in the emails and correspondence preceding the Order," so the sanctions should stand. *Id.* at 4.

Capitol One is wrong that the sale of the Chrysler at auction is irrelevant to Lewis's breach-of-contract claims. As noted above, the Amended Complaint contends that Capitol One improperly claims that Lewis still owes it over $22,000 on the financing contract, after the sale of the Chrysler. *See* Am. Compl. (Doc. 24) at 4-5 & Ex. 3 (cited actions in 2009 as a basis of her amended complaint for the "ultimate[]" breach of the covenant of good faith and fair dealing). Lewis has also implied that Capitol One should have, and could have, obtained the insurance proceeds from GEICO, after it learned that the car had been stolen and damaged and its rights as the insured lienholder were still

protected, and applied them to her loan after it repossessed the car. The chain of title and the ultimate selling price at auction are relevant to Lewis's claims for breach of contract and breach of the covenant of good faith and fair dealing.

The title that Capitol One produced to Lewis is in Lewis's name, with Capitol One only as the lienholder. For Capitol One to be able to present the car to Manheim for auction, it seems that it would have been required to show that it had full legal and equitable title to the Chrysler. *See* Doc. 71, Ex. K (copy of auction statement listing Capitol One as "seller;" noting "title rec'd 5/8/09;" and stating "purchaser [RG&M] must return signed copy of odometer disclosure statement (front and back of title if made on title) to transferor (seller) or be subject to civil and criminal penalties, including fines and jail"). And Manheim surely would have to provide ultimate proof to Capitol One of its receipt of the amount RG&M actually paid for the Chrysler. *See id.* (stating "no physical check" and that it was "not a receipt of payment"). If Capitol One does not have those documents in its current possession, it surely could obtain them or explain why it cannot.

The Court agrees that Lewis should not have used intemperate language and it will not tolerate its use. But the Court concludes that Lewis's motion to compel was not totally without foundation and that she is entitled to proof of the chain of title and ultimate amount RG&M paid for the car at auction. The Court will set aside the $500 sanction and order Capitol One to attempt to obtain the documents it should have in its possession or explain why they are not available.

**V.    LEGAL STANDARDS ON THE MOTION FOR SUMMARY JUDGMENT**.

The Court should grant a motion for summary judgment only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56 (a) (Dec. 1, 2010). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way" and a fact "is

'material' if under the substantive law it is essential to the proper disposition of the claim." *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003). The Court must "view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment . . . ." *Williams v. Rice*, 983 F.2d 177, 179 (10th Cir. 1993).

## VI.     ANALYSIS OF MOTION FOR SUMMARY JUDGMENT.

Capitol One seeks summary judgment solely on Lewis's breach-of-contract and breach-of-the-covenant-of-good-faith-and-fair-dealing claims associated with Capitol One's refusal to send the Chrysler's original South Carolina title to New Mexico so that Lewis could register it in July 2007. *See* Doc. 112 at 1. The undisputed facts show that nothing in the contract required Capitol One to assist Lewis in registering the Chrysler if she was in default and that Lewis had already breached her contract to make timely monthly payments before she requested that Capitol One send the title to New Mexico. Under the default terms of the contract, Capitol One already had the right to repossess the car when it received Lewis's request to send the title to New Mexico. The Court concludes, therefore, that because Lewis was already in default, and because she failed to make any further payments after April 1, 2007, Capitol One had no duty to comply with her request and it did not breach either the written terms of the contract or its duty to act in good faith and deal fairly with Lewis by refusing to do so[3]. *See Sanders v. FedEx Ground Package Sys., Inc.*, 144 N.M. 449, 452, 188 P.3d 1200, 1203 (2008) (noting that, in New Mexico, "every contract imposes a duty of good faith and fair dealing on the parties with respect to the performance and enforcement of the terms of the contract. The breach of this covenant requires a showing of bad faith or that one party wrongfully and intentionally used the contract to the detriment of the other party.") (internal

---

[3] Whether Capitol One had "lost" the title for a period of time is therefore irrelevant.

10

quotation marks and citations omitted).

## VII. LEWIS'S MOTION TO COMPEL AND TO AWARD RESTITUTION AND DAMAGES.

Lewis once again requests the Court to compel production of documents regarding the sale of the Chrysler at auction[4]. *See* Doc. 95 at 1. The Court has already addressed that request above, thus it is moot. The Court will not sanction Capitol One for having failed to previously produce the documents, as Capitol One asserts that such documents are not currently in its possession and it has never disobeyed an order compelling the production of documents. Further, there is no evidence that Capitol One has committed fraud upon the Court.

Insofar as Lewis's motion demands damages and restitution and may be construed as a motion for summary judgment or for a declaratory judgment, Lewis has not established her right to damages or to a declaratory judgment against either Defendant as a matter of law.

Finally, the Court has no authority to order a Justice Department audit of Capitol One. If it turns out that RG&M and Manheim have defrauded Capitol One through fraudulent auction procedures, that claim belongs to Capitol One, not to Lewis.

**NOW, THEREFORE, IT IS ORDERED that:**

1) Lewis's *Motion for Orders Commanding Defendants to Produce Documents, Make Restitution, Pay Damages, and for Sanctions* [Doc. 95] is DENIED;

2) Lewis's *Motion for Relief from Order* [Doc. 119] is DENIED and Lewis shall pay those sanctions by October 17, 2011;

---

[4] Whether RG&M subsequently sold the Chrysler to another third party after it paid Manheim for the car is irrelevant to Lewis's claims against Capitol One because Capitol One has the right only to receive the ultimate amount that RG&M paid to Manheim.

3) Lewis's *Motion for Order for the Service of Out-of District Subpoenas and for Relief from May 4, 2011, Order* [Doc. 94] is GRANTED IN PART and DENIED IN PART as set forth above and the Court's May 4, 2011 Order denying Lewis's motion to compel and imposing sanctions [Doc. 78] is VACATED;

4) Capital One's *Motion for Summary Judgment* [Doc. 112] is GRANTED and judgment is granted in favor of Capitol One solely on Lewis's claims for breach of contract based on Capitol One's refusal to send the title for the Chrysler to New Mexico in 2007;

5) Capitol One's *Motion for Sanctions* [Doc. 87] is GRANTED and Capitol One is awarded its attorney's fees and costs in the amount of $2,711.90 against Lewis as a sanction, to be paid on or before October 17, 2011;

6) GEICO's *Motion to Dismiss as Further Sanction* [Doc. 118] is DENIED.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent