**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**NANCY LEWIS,**

    **Plaintiff,**

**v.**                                                            **No. CV 10–638 RHS/WDS**

**CAPITAL ONE and
GEICO INSURANCE,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on pro se Plaintiff Nancy Lewis's *Motion for Order*, filed September 14, 2011 [Doc. 129], requesting permission to subpoena records regarding her Yahoo account from California, and on her *Request for Permission*, filed September 27, 2011 [Doc. 136] to file using the Court's electronic CM/ECF system. The Court will deny both motions.

The Yahoo records are irrelevant to the issues remaining for the trial in this matter, which is scheduled for October 17, 2011, and discovery deadlines have long passed. And because the substantive-motion and discovery deadlines having long passed, the parties should not be filing many motions – if any – before trial. For that reason, and because allowing Ms. Lewis, who has demonstrated significant difficulties with complying with the Court's regular rules and Orders, to attempt to properly use the electronic-filing system may create more issues than it solves, the Court sees no need to grant permission for her to use the electronic filing system. The Court makes one further observation about how the Court notices Ms. Lewis regarding documents that have been filed via CM/ECF. If a pro-se party supplies the Court with an email address, from that point on, the Court sends all notices of filings via CM/ECF to the pro-se party **only** via email - the Court no longer mails the documents to the pro-se party's mailing address.

Because Ms. Lewis continues to discuss issues in the joint pre-trial order that have already been dismissed, *see, e.g.*, Doc. 132 at 5, the Court will set again forth the *only* claims for which Ms. Lewis will be allowed to present evidence at trial:

1). A claim for breach of contract against GEICO regarding whether GEICO properly and timely mailed to Lewis a new insurance policy, bill, and notice of cancellation and, **if that claim is successful**, a claim for breach of contract for failing to pay her for the damages incurred to the Chrysler in 2007; and **if both claims are successful,** a claim for the alleged breach of the contract of good faith and fair dealing regarding whether GEICO tried to cover up its alleged failure to mail to Lewis her new policy and notice of cancellation after it improperly cancelled her insurance without notice and refused to pay damages; and

2). A claim against Capitol One for breach of contract and/or breach of the covenant of good faith and fair dealing arising **solely** from its actions in sending her a letter in 2009 stating that she still owes it over $22,000 for the Chrysler Sebring after the car was sold at auction in 2009; and for its alleged failure, after it repossessed the car in 2009, to recover from GEICO insurance money for damages to the vehicle when it was stolen in 2007.

Further, if Ms. Lewis has not paid the sanctions ordered by this Court in Docs. 83 and 127 by the start of trial, she shall show cause in writing, before trial begins, why she should not be further sanctioned by the imposition of filing restrictions until those sanctions are paid in full.

**NOW, THEREFORE, IT IS ORDERED** that Ms. Lewis's motions [Doc. 129 and 136] are **DENIED** and GEICO's request for monetary sanctions made in Doc. 130 is **DENIED**.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by consent