# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

NANCY LEWIS,

    Plaintiff,

vs.                              No. CIV 10-638 RHS/WDS

CAPITAL ONE and GEICO INSURANCE,

    Defendants.

## PRETRIAL ORDER

This matter is before the Court pursuant to Fed.R.Civ.P. 16. The parties have conferred and submit the following proposed pretrial order.

## I. APPEARANCES

Attorneys who will try the action:

| | |
|---|---|
| For Plaintiff(s) | Nancy Lewis, *Pro Se*<br>2339 Calle Reina<br>Santa Fe, NM  87507 |
| For Defendant GEICO | Stephen M. Simone<br>11200 Lomas Blvd., N.E., Suite 210<br>Albuquerque, NM 87112 |
| For Defendant Capital One | Ryan S. Patterson<br>One Renaissance Square<br>Two North Central Avenue |

                    Phoenix, AZ 85004

                    Kevin D. Quigley
                    One Renaissance Square
                    Two North Central Avenue
                    Phoenix, AZ 85004

                    Stanley N. Harris
                    PO Box 2168
                    Albuquerque, NM 87103-2168

## II. JURISDICTION AND RELIEF SOUGHT

**A. Subject Matter Jurisdiction.**

    **1. Was this action removed or transferred from another forum?**

        ____Yes __x__No.   If yes, was the action removed or transferred?

        _____ Removed _____ Transferred _____ Original forum

    **2. Is subject matter jurisdiction of this Court contested?**

        __x__ Uncontested _____ Contested _____ Party contesting

    **3. Asserted basis for jurisdiction.**

        _____ Federal Question __x__ Diversity _____ Other

    Statutory Provision(s) Invoked:  _USC Title 28, Section 1332_____

**B. Personal Jurisdiction and Venue.**

    **1. Is personal jurisdiction contested?**

        __x__ Uncontested _____ Contested

    Identify the party contesting personal jurisdiction and basis for objection:

    _____

    **2. Is venue contested?**

        __x__ Uncontested _____ Contested _____ Party contesting

**C. Are the proper parties before the Court?**

     __x__ Uncontested _____ Contested

If contested, identify each missing party or improper party and the basis for the contention:

**D. Identify the affirmative relief sought in this action.**

     1. Plaintiff seeks: Restitution, compensatory and punitive damages.

     2. Defendant GEICO requests that the Amended Complaint be dismissed with prejudice and for costs to be awarded to Defendant GEICO.:

     3. Defendant COAF requests that the Amended Complaint be dismissed with prejudice and that it be awarded all of its costs incurred in defending itself against this lawsuit:

## III. BRIEF DESCRIPTION OF NATURE OF CLAIMS/DEFENSES.

**A. Plaintiff's claims:** Contractual breach, including bad faith and unfair dealing on the parts of both Defendants.

**B. Defendant's defenses:** *(A defendant claiming entitlement to qualified immunity must set forth with specificity the basis of the defense.)* Defendant GEICO asserts that the Plaintiff's policy of insurance was properly cancelled for failure to pay premium on or before the due date. Defendant GEICO also asserts that the Plaintiff must rebut the presumption of mailing whether or not she received the cancellation notice. Defendant GEICO further asserts that the Plaintiff has the burden of proof as to her damages. Defendant GEICO further states that it had a reasonable basis for the denial of Plaintiff's claim.

Defendants COAF asserts that the subject vehicle was sold at an auction upon repossession following Plaintiff's default. COAF asserts that the vehicle was sold at auction for $2,600. All issues pertaining to the series of events that occurred between Plaintiff and COAF in 2007 (which form the basis of Plaintiff's Amended Complaint) have already been dismissed by the Court.

**C. Claims or defenses of other party(s):**

     *None exist.*

## IV. FACTUAL CONTENTIONS UNDERLYING CLAIMS/DEFENSES

**A. Stipulated Factual Contentions.**   None.

**B. Contested Material Facts.**

1. Plaintiff's Contentions: Defendant Geico failed to provide Plaintiff with policy, bill and cancellation notice, though it had promised to keep Plaintiff insured until policy and bill arrived if she paid former premium, which she did.  Defendant Geico refused to honor its promise when Plaintiff's car was stolen.  Defendants invaded Plaintiff's email account and tampered with documents that had come from the Court.  Defendant Capital One sold Plaintiff's car for much more than it reported to her when it billed her for the alleged deficiency balance and did not include monies it had received from Geico under the policy's loss payee clause.

2. Defendant's Contentions:  Defendant GEICO contends that it properly cancelled the policy for non-payment of premium and properly followed cancellation procedures which complied with the policy language and which complied with New Mexico statutes.  Whether the Plaintiff actually received the cancellation notice is not controlling.  Defendant contends that the Plaintiff has the burden of proving her damages both in terms of breach of contract, bad faith, and property damage.

3. COAF's contentions:  Plaintiff's first two contentions above against COAF are inapplicable based on the Court's September 12, 2011 Memorandum Opinion and Order.  COAF will show that the subject vehicle was sold at auction for $2,600.  Furthermore, COAF did not receive any monies from GEICO under the subject insurance policy.

## V. APPLICABLE LAW

**A. Do the parties agree which law controls the action?**

   __ x __ Yes  _____ No

**If yes, identify the applicable law.** New Mexico's contract law

## VI. CONTESTED ISSUES OF LAW

**Identify the specific issues of law which are contested.**

   **1.** Plaintiff: Defendant Geico had an obligation to honor its promise to keep Plaintiff insured for payment of $71.40 until her new, New Mexico policy and bill arrived in the mail, and that fact and its failure to provide her a cancellation notice either by mail or email resulted in Plaintiff losing coverage for her stolen and later damaged vehicle. Defendant Capital One had an implicit contractual obligation to furnish the title to Plaintiff's car to New Mexico for registration even though she was late on two payments, for which good reason was explained to Capital One.

   **2.** Defendant:  Defendant GEICO contends that it only must prove that it timely mailed the cancellation notice.  Defendant GEICO does not need to prove that the cancellation notice was received.  Defendant GEICO also contends that the Plaintiff must prove her damages by expert testimony.

   **3.** COAF: The Court has already ruled as a matter of law (see September 12, 2011 Memorandum Opinion and Order) in COAF's favor concerning the issues addressed by Plaintiff above.

## VII. MOTIONS

A. Pending Motions (indicate the date filed):

    **1**. Plaintiff:   Motion for Order, filed September 14, 2011.

    **2.** Defendant

    **3.** Other party

B. Motions which may be filed:

    **1.** Plaintiff

    **2.** COAF: Anticipates filing at least one motion in limine concerning evidence in advance of trial.

    **3.** Other party

The briefing package must be complete and filed with the Court by _____.

## VIII. DISCOVERY

A. Has discovery been completed?  __x__ Yes _____ No

If no, discovery terminates on _____.

B. Are there any discovery matters of which the Court should be aware?

**Plaintiff's contention:**   Yes, Motion for Order of September 14, 2011, in which Plaintiff seeks an order allowing her to subpoena her email records from Yahoo.

**Defendants' contention:**   There are pending motions filed by Plaintiff.  Defendant do not agree that Plaintiff should be entitled to said discovery or that the contentions stated above are true or should be taken by the Court as fact.

# IX. ANTICIPATED WITNESSES

*Each party is under a continuing duty to supplement this list and the description of anticipated testimony. This does not, however, apply to a rebuttal witness. Indicate if the witness will testify in person or by deposition and include a brief description of the anticipated testimony. If the testimony is by deposition, identify the deposition by page number and line number. A witness who has not been identified and whose testimony has not been disclosed may not testify at trial unless good cause is shown.*

### A. Plaintiff's Witnesses:

**1.** Plaintiff will call or have available at trial the following witness: Herself, in person, to the effect of all of the above.

### B. Defendant GEICO Witnesses:

Defendant will call or have available at trial the following witnesses:

1. Jerry Moreland (Mr. Moreland will testify as to the matters set forth in his affidavit in support of GEICO's Motion for Summary Judgment

2. Donna Truslow (Ms. Truslow is an employee of GEICO Insurance Company and is familiar with cancellation mailing practices.

3. Randi Wells (Ms. Wells is an employee of GEICO who will testify as to computer verifications of mailing notices.

4. Roger Beulow (Roger Beulow is an expert in insurance matters and will testify in accordance with his Rule 26 report and on the testimony presented at trial and the deposition of Ms. Lewis.

### C. Defendant COAF Witnesses:

COAF will call or have available at trial the following witnesses:

1.  Jeremy Harris, Sr. Associate, Supplier Manager, COAF.  Mr. Harris will stand in the place of Stephen Ortiz, who was previously disclosed as a witness by COAF, but who cannot attend the October 17, 2011 trial due to a scheduling conflict.  Mr. Harris is expected to testify about the same issues addressed in Mr. Ortiz's affidavit and will be prepared to provide rebuttal testimony concerning the repossession and auction issues articulated by Plaintiff at trial.

## X. TRIAL PREPARATION

**A. Exhibits.**

The parties must confer over all trial exhibits. This does not apply to rebuttal exhibits that cannot be anticipated before trial. Parties are to provide to each other copies of exhibits they intend to attempt to introduce into evidence by Oct. 1, 2011. The parties must file an original plus three (3) copies of the parties' "consolidated exhibit list identifying all exhibits that the parties have stipulated are admissible" and a "consolidated exhibit list identifying all exhibits the parties have stipulated to be authentic, but to which there are other objections" no later than <u>Oct. 7, 2011</u>.

For those exhibits on which a stipulation could not be reached, the offering party must file a separate "contested exhibit list" no later than <u>   10   </u> calendar days before trial. An original plus three (3) copies of each party's contested exhibit list must be filed on Oct. 7, 2011. In addition, two courtesy copies of the contested and uncontested exhibit list must be delivered to the judge's chambers.

All exhibits must be marked before trial. Exhibits must be marked numerically and identify the party offering the exhibit. The identification number or letter will remain the same whether the exhibit is admitted or not.

**B. Witness Lists.**

The parties will provide each other with a firm list of witnesses who will be called to testify by Oct. 1, 2011.  An original and three (3) copies of a party's witness list must be filed with the Clerk and served on all parties by     Oct. 7, 2011   . Indicate whether the witness is testifying by deposition or in person. Objections to use of deposition testimony are due within three (3) calendar days of service of the witness list. The objecting party must highlight those portions of the requested deposition testimony to which the party objects. Plaintiff must use a yellow highlighter and defendant must use a blue highlighter. The parties must confer about any disputes and, if unable to resolve any differences, must notify the Court in writing at least    3    calendar days before trial.

**C. Submissions for Bench Trials.**

**1.** The parties may each submit proposed findings of fact and conclusions of law at the conclusion of the trial.

**2.** If requested, submit the findings of fact and conclusions of law in a format compatible with WordPerfect. Please refer to the procedures, available on our website, for electronically submitting proposed text.

## XI. OTHER MATTERS

**A. Settlement Possibilities**.

    1. The possibility of settlement in this case is considered:

    \_\_\_\_\_ Poor \_\_\_\_\_ Fair \_\_\_\_\_ Good \_\_\_\_\_ Excellent __x__ Unknown

    **2.** Do the parties have a settlement conference set with the assigned Magistrate Judge?

    \_\_\_\_\_ Yes __x__ No  If yes, when? _____

    If a settlement conference has already been held, indicate approximate date.

**Plaintiff's contention:** One was held on May 4, 2011, before the Honorable W. Daniel Schneider, but Plaintiff was absent because Defendants had invaded her email account in December of last year and tampered with documents that had come from the Court to the effect that Plaintiff was unaware that the Settlement Conference had been scheduled for that day.

**Defendants' contention:** Defendants appeared at Court for a settlement conference on May 4, 2011. Plaintiff failed to appear and has been sanctioned for her failure.

    Would a follow-up settlement conference be beneficial? \_\_\_\_\_ Yes __No.__ No


**3.** Does either party wish to explore any alternatives for dispute resolution such as mediation or summary jury trial? If yes, please identify. _____ If no, explain why not._____

**B. Length of Trial and Trial Setting.**

    **1.** This action is a __x__ Bench trial \_\_\_\_\_ Jury Trial \_\_\_\_\_ Both

    **2.** The case is set for trial on __Oct. 17, 2011, 9 a.m.__ If there is no setting, the parties estimate they will be ready for trial by _____.

**3.** The estimated length of trial is ___1___ day.

## XII. EXCEPTIONS

Defendant GEICO takes exception to Plaintiff's assertion in Section VIII, that there remains discovery matters.  There are no outstanding discovery matters relating to GEICO.

## XIII. MODIFICATIONS-INTERPRETATION

The Pretrial Order when entered will control the course of trial and may only be amended *sua sponte* by the Court or by consent of the parties and Court approval. The pleadings will be deemed merged herein.

The foregoing proposed Pretrial Order (prior to execution by the Court) is hereby approved this _____ day of _____, 2011.

        /s/
Nancy Lewis, Plaintiff Pro-Se
2339 Calle Reina
Santa Fe, NM 87507
rilke1872@yahoo.com

        /s/
Ryan S. Patterson, Attorney for COAF
QUARLES & BRADY LLP
One Renaissance Square
Two North Central Avenue
Phoenix, AZ 85004
ryan.patterson@quarles.com

        /s/
Kevin D. Quigley, Attorney for COAF
QUARLES & BRADY LLP
One Renaissance Square
Two North Central Avenue
Phoenix, AZ 85004
kquigley@quarles.com

        /s/
Stanley N. Harris, Attorney for COAF
Modrall Sperling Roehl Harris & Sisk PA
PO Box 2168
Albuquerque, NM 87103-2168
snh@modrall.com

        /s/
Stephen M. Simone, Attorney for GEICO
Simone Roberts & Weiss PA
11200 Lomas Blvd NE Ste 210
Albuquerque, NM 87112-5573
ssimone@srw-law.com

Dated: October 4, 2011

*Robert Hayes Scott*
UNITED STATES MAGISTRATE JUDGE