IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NANCY LEWIS,**

    **Plaintiff,**

**v.**                                                            **No. CV 10–638 RHS/WDS**

**CAPITAL ONE and**
**GEICO INSURANCE,**

    **Defendants.**

### THE COURT'S FINDING OF FACT AND CONCLUSIONS OF LAW

THIS MATTER came on for trial on the merits without a jury on October 17, 2011. Plaintiff appeared personally, *pro se,* and Defendants appeared by and through their respective counsel of record. The Court has now considered all of the pleadings on file in the above-captioned cause, the evidence and testimony presented at trial, as well as the arguments and authorities propounded by the parties and hereby enters its Findings of Fact and Conclusions of Law pursuant to Rule 52 of the Federal Rules of Civil Procedure:

    1. The Court has jurisdiction over the subject matter and parties hereto.

    2. Venue is proper in the District of New Mexico.

    3. The Court specifically finds that Plaintiff's testimony lacks credibility.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW APPLICABLE TO DEFENDANT CAPITAL ONE AUTO FINANCE, INC. ("COAF")**

**Findings Of Fact**

    1. On or about May 25, 2006, Plaintiff purchased a 2005 Chrysler Sebring, VIN 1C3EL55R35561812 (the "Vehicle").

2. In connection with the purchase of the Vehicle, Plaintiff signed a Retail Installment Contract and Security Agreement (the "Contract"). [See COAF's Ex. 4.]

3. In the event Plaintiff defaulted on the Contract, COAF was entitled to repossess the Vehicle and sell the Vehicle at an auction. [Id.]

4. If the Vehicle was repossessed and sold at auction and the amount of money received at auction was less than the principal due and owing on the Contract, COAF was entitled to collect the deficiency balance from Plaintiff. [Id.]

5. After moving to New Mexico, Plaintiff attempted to insure the Vehicle through GEICO. [See Plaintiff's Ex. 1.] The policy was issued on May 12, 2007 and COAF was named as a loss payee.

6. Pursuant to the loss payee clause, the loss payee had the right to make a proof of claim under the policy. The policy explicitly stated: "[i]f the insured fails to file with [GEICO] a Proof of Loss within 91 days after the loss, the Lienholder [COAF] must do so within the following 60 days." Furthermore, the policy required that a party making a "Proof of Loss" provide "[t]he time, place and details of the loss" and to be willing to "exhibit the damaged property."

7. Under the policy, COAF, as a loss payee, would have had to file a proof of claim within approximately 5 months from the date of loss.

8. GEICO cancelled Plaintiff's policy for non-payment on June 12, 2007. GEICO informed COAF that it still had coverage for the Vehicle under the loss payee clause through July 7, 2007.

9. As of June 2007, Plaintiff was in default under the Contract because she had failed to make timely payments to COAF.

10. Plaintiff's Vehicle was allegedly stolen on June 29, 2007. [See Plaintiff's Ex. 6.]

11. The Vehicle was recovered and returned to Plaintiff in mid-July 2007.

12. Despite repeated requests from COAF, Plaintiff refused to voluntarily surrender the Vehicle to COAF.

13. Despite previous efforts, COAF was not able to repossess the Vehicle until February 2009. At that time, over 19 months had passed since COAF's loss payee coverage under the GEICO policy lapsed.

14. COAF had the Vehicle delivered to Manheim El Paso, which is an auction house in El Paso, Texas ("Manheim").

15. Manheim made certain repairs to the Vehicle before it was sold at auction.

16. The Vehicle was sold at auction via Manheim on May 7, 2009. The seller was COAF and the buyer was RG & M Auto Sales ("RG & M"). [See COAF's Ex. 11.]

17. The Vehicle sold for $2,600 plus the buyer's fee. RG & M issued a check for the purchase, which was deposited by Manheim on May 11, 2009. [Id.]

18. The Vehicle was sold using a South Carolina title. The title number was 770120163884105.

19. After deducting the costs for the repairs, COAF received $1,913.25. [See COAF's Ex. 7]

20. The amount due and owing to COAF on the Contract after the Vehicle was sold at the auction is $22,632.68. This is consistent with the May 14, 2009 letter COAF sent to Plaintiff.

**Conclusions of Law**

1. There is no evidence in the record that shows COAF breached any contractual obligations or implied duties it owed to Plaintiff with respect to the repossession and subsequent sale of the Vehicle or in regard to the GEICO insurance policy.

2. COAF's sale of the Vehicle conformed with the requirements of the Contract.

3. COAF's calculation of the deficiency balance conformed with the requirements of the Contract.

4. COAF was not obligated to make a claim to GEICO under the loss payee clause of the insurance policy because: (a) despite attempts to recover the Vehicle, COAF was unable to recover it until February 2009; (b) the Vehicle was recovered far outside the limited window to make a claim under the loss payee clause; and (c) COAF had no basis to make a claim before it recovered the Vehicle, because it could not have supplied the information GEICO required as part of the claim process.

5. Plaintiff failed to submit any admissible evidence at trial concerning the amount of damage that the Vehicle sustained when it was stolen.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW APPLICABLE TO DEFENDANT GEICO GENERAL INSURANCE COMPANY

**Findings Of Fact**

1. On May 12, 2007, GEICO General Insurance Company issued a new business policy to Nancy L. Lewis, said policy being policy number 4035 42 03 99.

2. The new business policy was sent to the address given by Nancy L. Lewis, which was Post Office Box 596, Espanola, New Mexico 87532-0596.

3. The new business policy package included a premium bill showing a balance due of $535.22.

4. The new business policy package included a payment schedule, showing a payment due on May 26, 2007, of $164.62.

5. Including within the policy package that was issued and mailed to Nancy L. Lewis on

May 12, 2007, included the policy, the premium bill, and New Mexico insurance identification cards.

      6. Nancy L. Lewis made a payment of $71.40, on May 24, 2007.

      7. On May 29, 2007, GEICO mailed a notice of cancellation for non-payment of premium of $93.22, with a cancellation date of June 12, 2007.

      8. GEICO delivered to the United States Postal Service notices of cancellation, including that of Nancy L. Lewis, on May 29, 2007.

      9. The United States Postal Service stamped the notices of cancellation, including that of Nancy L. Lewis, on May 29, 2007.

      10. Nancy L. Lewis did not make an additional payment prior to the effective date of the cancellation, and the policy cancelled on June 12, 2007.

      11. The alleged theft occurred on or about June 29, 2007.

      12. Nancy L. Lewis did not present any evidence to rebut the presumption that GEICO Insurance mailed the notice of cancellation for non-payment of premium to her May 29, 2007.

**Conclusions of Law**

      1. In order to cancel a policy in accordance with the terms of the policy and in accordance with §59A-18-29, §A, and D, notice of cancellation must be given ten days prior to the effective date of the cancellation (N.M.S.A. 1978, §59A-18-29A,D.)

      2. Proof that a letter has been properly addressed and deposited in the mail gives rise to the presumption that it was received by the recipient in ordinary course.

      3. Nancy L. Lewis failed to rebut the presumption that GEICO properly mailed the notice of cancellation.

      4. GEICO Insurance had a reasonable basis to deny the claim and therefore, cannot be in

bad faith as there was no frivolous or unfounded refusal to pay for the alleged theft.

     5. GEICO Insurance properly cancelled the policy for non-payment of premium.

*/s/ Robert Hayes Scott*
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE